IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LEMUEL R. HALL                                                                      PETITIONER

v.                                    Civil No. 4:12-cv-4145

UNITED STATES DISTRICT COURT,                                        DEFENDANTS
WESTERN DISTRICT OF ARKANSAS;
ASSISTANT UNITED STATES ATTORNEY;
VETERAN'S ADMINISTRATION; and
SOCIAL SECURITY ADMINISTRATION,

## REPORT AND RECOMMENDATION

Plaintiff, LEMUEL R. HALL, (hereinafter "Hall") has filed this civil action against various agencies and officials of the United States Government. Hall has been granted permission to proceed *in forma pauperis* (IFP). ECF No. 6. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation as to whether service on the Defendants should be ordered. Also pending before the Court is a Motion for Recusal. ECF No. 5.

**I.     PRIOR CIVIL LITIGATION**

Hall has a long history of filing lawsuits in this Court which were either frivolous or failed to state a claim. The following is a summary of his litigation in this Judicial District.

a. Hall v. Bond, Arnett, Phelan and King, P.A., Cause No. 4:92-cv-4117: Hall filed a civil suit on September 24, 1992. He paid the filing fee and service was had on the Defendants. Defendants filed a Motion to Dismiss for Failure to State a Claim. The Motion to Dismiss was granted by this Court on May 28, 1993.

b. <u>Hall v. State of Florida</u>, Cause No. 4:92-cv-4135: Hall filed a petition for *habeas corpus* relief on October 27, 1992. Five days later, the United States Magistrate Judge recommended the petition be dismissed. This Court adopted the recommendation and dismissed Hall's petition without ordering service on the respondent.

c. <u>Hall v. Hatcher Memorial, *et al*</u>, Cause No. 4:92-cv-4149: Hall filed this civil action on December 11, 1992. He paid the filing fee and service was obtained on the Defendants. Defendants filed a Motion to Dismiss for Failure to State a Claim. Hall filed a Motion for Default. On August 17, 1993, this Court granted the Motion to Dismiss and dismissed the case.

d. <u>Hall v. Dept. of Veteran's Affairs</u>, Cause No. 4:93-mc-00002: Hall filed this civil action on January 4, 1993. He requested permission to proceed IFP. On January 27, 1993, United States Magistrate Judge Charles Lee Attaway recommended denial of Hall's application to proceed IFP. This Court adopted the recommendation and denied the request to proceed IFP dismissing the complaint.

e. <u>Hall v Wheaton Van Lines</u>, Cause No. 4:93-mc-00003: Hall filed this civil action on January 7, 1993. He requested permission to proceed IFP. On January 27, 1993, United States Magistrate Judge Charles Lee Attaway recommended denial of Hall's application to proceed IFP. This Court adopted the recommendation and denied the request to proceed IFP and dismissed the complaint.

f. <u>Hall v. Hall, *et al*</u>, Cause No. 4:06-cv-4065: Hall filed this civil rights action on August 11, 2006. He paid the filing fee. Summons was issued, and the Defendants were served. Defendant Vernon Hall filed a Motion to Dismiss for Failure to State a Claim. This Motion was granted, and the claims against Vernon Hall were dismissed. The remaining Defendants answered and filed a

Motion for Summary Judgment. Hall filed a Motion for default. This Court granted the Motion for Summary Judgment, and the claims against the Defendants were dismissed with prejudice on February 23, 2007.

    g. <u>Hall v. United States of America</u>, Cause No. 4:09-cv-4095: Hall filed this *habeas corpus* action pursuant to 28 U.S.C. § 2241. The petition was related to a pending criminal indictment against Hall in this Court.[1] Hall's petition made several claims related to the conduct of his criminal case. Prior to service of the petition on the Respondent, the undersigned recommended denial of the petition as it failed to seek relief available pursuant to § 2241. District Judge Harry F. Barnes adopted this recommendation, and the petition was denied with prejudice.

    h. <u>Hall v. John F. Stroud, III</u>, Cause No. 4:10-cv-4005. Hall filed this civil rights action on January 20, 2010. Hall was allowed to proceed IFP. The complaint raised a claim against Defendant, Hall's court appointed lawyer in the criminal case noted above, for violation of Hall's right to adequate counsel. At the time of the filing of this suit, Hall had pled guilty and been sentenced. He asked for damages in the amount of $25 million, for criminal charges against the Defendant, and for Defendant to be dis-barred. On February 4, 2010, prior to service of the complaint on the Defendant, the undersigned recommended dismissal of the complaint with prejudice. Judge Barnes adopted the recommendation and dismissed the complaint on March 4, 2010.

    i. <u>Hall v. Barnes, *et al*</u>, Cause No. 10-cv-4015: On February 1, 2010, Hall filed a complaint against United States District Judge Barnes, Assistant United States Attorney Wendy Johnson, and the undersigned. In this complaint, Hall alleged the Defendants had illegally held him in custody

---

[1] *United States v. Lemuel R. Hall,* Cause No. 4:08-cr-40004.

-3-

without a warrant. He also alleged the Defendants all violated their oaths of office with criminal intent. He claimed he was never notified of any grand jury hearing nor allowed to attend. Specifically, he alleged Judge Barnes sentenced him to a term of incarceration without Hall ever having been arrested. He claimed the undersigned acted as counsel for the government in Cause No. 09-cv-4095. Finally, he claimed AUSA Johnson made threatening phone calls to defense witnesses in his criminal case. All of these allegations arise from the original criminal case filed against Hall.[2] United States Magistrate Judge James Marschewski recommended dismissal of this case the day it was filed as all of the Defendants were immune from suit. United States District Judge Jimm Larry Hendren adopted the recommendation and dismissed the case with prejudice on March 12, 2010.

## II.   CRIMINAL PROCEEDINGS

Hall has also been the subject of two criminal proceedings in this Court. In *United States v. Lemuel Hall*, Cause No. 4:08-cr-40004, the original Indictment was returned on January 9, 2008. Thereafter, he was charged by a superceding indictment with five counts of criminal conduct. Count 1 charged him with theft of money from the Social Security Administration ("SSA"), a named defendant in the instant case. Count 2 charged him with theft of money from the Veteran's Administration ("VA"), also a named defendant in this case. Count 3 charged him with defrauding the SSA. Count 4 charged him with making false statements to the SSA. Finally, Count 5 charged him with making false statements to the VA.

Hall was sent for psychiatric evaluation upon motion of his appointed counsel. He soon became dissatisfied with that lawyer, who sought to withdraw as counsel. The Court appointed new

---

[2] *See id.*

counsel, John F. Stroud, III.[3]  Mr. Stroud also filed a motion to withdraw, however, before the Court ruled on that Motion, Hall entered a plea of guilty to Counts 4-5 of the indictment, making false statements to an agency of the United States Government.[4]  Hall was later sentenced to a term of three (3) years unsupervised probation and ordered to pay the $100.00 special assessment for each count of conviction.

Hall appealed the conviction and sentence and asked to be allowed to withdraw his plea alleging he was incompetent to enter an informed plea of guilty.  On November 16, 2010 he United States Court of Appeal for the Eighth Circuit, remanded the case to this Court for the purpose of conducting a competency hearing and to determine if Hall should be allowed to withdraw his plea.  On February 23, 2012, Judge Barnes considered Hall's claim of incompetence and found him competent.  Judge Barnes also allowed Hall to withdraw his guilty plea to the convictions described above.

During the same February 23, 2012 hearing, the Government filed an information alleging two (2) counts of theft of government money, one from the SSA and one from the VA.  These charges arose from the same facts as gave rise to the original indictment.  Hall, who was at this time represented by retained counsel, entered a plea of guilty to both counts. *See United States v. Lemuel Hall*, Cause No. 4:12-cr-40020.  The Court accepted the guilty plea and immediately sentenced Hall to one (1) year of unsupervised probation. Shortly thereafter, Hall filed a *pro-se* motion to vacate the guilty plea.  Hall also filed a Petition for Writ of Mandamus with the Eighth Circuit.  Judge Barnes

---

[3] Mr. Stroud, shortly thereafter, became the defendant in Cause No. 4:10-cv-4005 described above.

[4] The Court's minutes from the January 8, 2010 change of plea indicate the Court granted Mr. Stroud's motion to withdraw, however no order was ever entered to that effect.

denied the Motion to Vacate. Hall then appealed his conviction and sentence. His notice of appeal indicated he was not afforded a competency hearing as ordered by the Eighth Circuit, and he wanted the guilty plea and sentence overturned "due to no good cause ever declared to justify an arrest." He further accused this Court and the Eighth Circuit of ruling in a "criminal manner and . . . [as] Kangaroo Courts." The appeal is still pending before the Eighth Circuit.

### III.     INSTANT COMPLAINT

In the Complaint filed in this case (ECF No. 1), Hall makes the following claims:

a. The Defendants working in concert have held him in custody without an arrest warrant and in violation of his constitutional rights.

b. The United States District Court (Judge Barnes) has committed malfeasance of office by holding Hall "in custody" for four years eleven months, without an arrest, trial, plea bargain, or due process of law.

c. The Court has refused to allow Hall to file motions in his defense.

d. AUSA Johnson, in addition to assisting the Court in the foregoing claims, has made threatening phone calls to defense witnesses.

e. The Information filed by AUSA Johnson was filed without an arrest warrant being issued.

f. AUSA Johnson and Judge Barnes have conspired against Hall.

g. The VA worked in concert with the other Defendants to hold Hall "in custody."

h. The VA has apparently taken away certain benefits from Hall.

i. The SSA has removed Hall's benefits for the past five years in violation of the law.

### IV.     DISCUSSION

Hall has raised the claims made in the instant complaint on several prior occasions. He has

previously filed suit against both Judge Barnes and AUSA Johnson. His claims cannot be brought under Section 1983 as the Defendants are not state officials. Accordingly, the Court will consider them as *Bivens* claims against federal officials or agencies. *See Bivens v Six Unknown Agents*, 403 U.S. 388 (1971).

First, Judge Barnes (the United States District Court) is immune from suit. It is clear any act Hall complains of were acts taken in connection with the underlying criminal case. All of Hall's criminal proceeding in this Court have been assigned to Judge Barnes.

"Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)); see also *Ryan v. Bilby*, 764 F.2d 1325, 1328 (9th Cir. 1985) (judicial officers absolutely immune from *Bivens*-type claim). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Bolin*, 225 F.3d at 1239 (citing *Stump*, 435 U.S. at 356). Judge Barnes did not act in "clear absence of all jurisdiction." It is clear any complaint Hall has arises from Judge Barnes's conduct of the proceedings in his criminal case. Accordingly, Judge Barnes is immune from any such claim.

Second, the claims against AUSA Johnson are also subject to dismissal. As the AUSA prosecuting Hall, Johnson is immune from liability for her conduct associated with the judicial phase of the criminal prosecution of Hall. *See Imbler v. Pachtmnn*, 424 U.S. 409 (1976). All of the conduct identified by Hall regarding AUSA Johnson was related to the criminal prosecution. Thus, she is immune from suit.

Third, any claim against AUSA Johnson in her official capacity is a claim against the United

States. Suit cannot be brought against the United States unless it waives its sovereign immunity and consents to being sued. The United States has not waived its sovereign immunity in any action under *Bivens*. *See Coleman v. Espy*, 986 F.2d 1184, 1189 (8th Cir. 1993).

Finally, the claims against both the SSA and the VA clearly arise from the criminal allegations made against Hall for his theft or fraud in receiving benefits from those agencies. Hall pled guilty to defrauding both agencies. He was sentenced for that crime. He then appealed the conviction and sentence and that appeal is pending before the Eighth Circuit. In his complaint, he seeks reinstatement of all SSA and VA benefits and additional damages of $425,000,000.00.

Hall claims his criminal prosecution and sentence were conducted in violation of his due process rights and other provisions of the United States Constitution. His complaint is similar in that regard to other cases where a plaintiff claims damages as a result of a criminal prosecution. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of *habeas corpus*." *Heck*, 512 U.S. at 486-87. The Court noted that if a successful claim would not demonstrate the invalidity of an outstanding criminal judgment, it should be allowed to proceed. The rule in *Heck* covers any prisoner claim that would "necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement." *Id.*

In this case, all of Hall's claims arise from his conviction and sentence. That conviction is currently pending appeal. He now seeks relief from a conviction that has not been overturned. All

of the relief sought by Hall is barred by *Heck v. Humphrey*.

Hall raised the exact same allegations as are raised in the present complaint in no less than three prior civil suits and also in the two criminal prosecutions including the one pending appeal. He apparently will continue to file these claims for as long as the Court will allow him to do so. Further consideration of these same claims, which are clearly not cognizable by the Court is a waste of finite judicial resources.

V.     **CONCLUSION**

Accordingly, I recommend Hall's claims against all Defendants be **DISMISSED** with prejudice to refiling. Further, because of Plaintiff's history of frivolous and vexatious litigation in this Court regarding the exact same issues as raised here, I also recommend the Clerk of Court be ordered to accept no further in forma pauperis filings from Hall, unless he has first received permission from the Court to do so.

**The Plaintiff has fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **25th day of July 2013.**

    /s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE